UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA RASMUSSEN<br><br>            Plaintiff,<br><br>v.<br><br>DONALD HICKEY, et al.<br><br>            Defendants. | Case No.:  20cv411-LAB (JLB)<br><br>**ORDER EXTENDING TIME FOR DEFENDANT DONALD HICKEY TO RESPOND TO AMENDED COMPLAINT; AND**<br><br>**ADMONITIONS TO PARTIES** |

On November 23, the Court extended the time for Defendant Donald Hickey, a prisoner, to respond to the complaint. He was to have filed his answer or a responsive motion by December 21.  On December 23, the Court received a letter from Hickey, which included various questions, requests, and arguments, as well as an explanation that the prison where he is incarcerated is on lockdown.  The Court rejected that *ex parte* communication for filing. Any requests Hickey has should be made in a motion, not in a personal letter to the Court.

At the same time, it is clear Hickey is attempting to defend himself from the claims against him. In light of the strong policy favoring decisions on the merits when reasonably possible, *see Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986), the Court *sua sponte* extends the time for Hickey to file his answer or other

response to the complaint. He may file his answer or other response by **January 26, 2021.**

Hickey's letter suggests that he thinks he needs access to documents and to a law library in order to file his answer. Hickey says these are unavailable because of the lockdown. The Court is aware that Hickey is not a lawyer and does not have access to the materials he would like to have. However, he has personal knowledge of the facts, and has repeatedly attempted to explain why the complaint lacks merit. He should prepare and file the best answer or motion to dismiss that he can file based on the information he knows. As much as possible, he must also gather the documents he believes he needs — for example, by writing to the lawyer he says has some of them and requesting copies. If new information that he could not reasonably have known comes to light later, he may request leave to amend his answer or to file a new responsive motion.

As the Court explained in its November 23, order, the Court intends to decide the claims on the merits if it is reasonably possible to do so. Nevertheless, Hickey will not be excused indefinitely from offering any adequate defense. And the Court will not refrain indefinitely from granting default judgment merely because Hickey has encountered some difficulties. Even if Hickey cannot do everything he would like to do to defend himself in this case, he must do what he can reasonably do under the circumstances.

On December 23, Plaintiff's counsel filed a motion styled "Amended Motion for Default Judgment." In fact, the motion was a motion for reconsideration of the Court's earlier denial of the motion for default judgment. Because it was filed without obtaining a hearing date from the Court, it was rejected for filing. That being said, it was also premature. Hickey's letter, dated December 14, was received by the Court on December 23. Because Hickey is a prisoner, he is will be given the benefit of the prisoner mailbox rule. *See Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying prisoner mailbox rule recognized in *Houston v. Lack*, 487

U.S. 266 (1988) to § 1983 suits). Before assuming that Hickey has not answered or responded, Plaintiff's counsel should wait a reasonable time for mail to arrive at the Court and be docketed. In this case, until the Court rejected Hickey's letter by discrepancy order, it was not clear whether it would be construed as a responsive pleading.

**IT IS SO ORDERED**.

Dated:  January 6, 2020

Honorable Larry Alan Burns
Chief United States District Judge