UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA RASMUSSEN,<br><br>         Plaintiff,<br><br>v.<br><br>DONALD HICKEY, et al.<br><br>         Defendants. | Case No.:  20cv411-LAB (JLB)<br><br>**ORDER CONFIRMING ENTRY OF DEFAULT AGAINST DEFENDANT DONALD HICKEY** |

  Plaintiff Donald Hickey was accused of The Court entered default against Defendant Donald Hickey on August 24, 2020. After that, however, the Court denied without prejudice Plaintiff's motion for default judgment and required Hickey to respond to the amended complaint. (*See* Docket no. 41.) That order noted that it was apparent Hickey was attempting to offer a defense, even though he had not done so yet. (*Id.* at 2:10–11.) The Court has since extended the time for Hickey to respond. The entry of default was never formally vacated, though its effect was temporarily suspended.

  Since then, however, Hickey has failed to defend. He sent an *ex parte* letter to the Court, which was rejected for filing on January 6. That same day, the Court issued an order *sua sponte* extending the time to January 26 for Hickey to respond to the complaint, rejecting his arguments that he needed time to obtain documents,

1  and admonishing him to file motions rather than send letters. The Court's order
2  pointed out that the complaint is based on facts that Hickey has personal
3  knowledge of. If new information he could not reasonably have known comes to
4  light later, he was told he could seek leave to amend his answer or file a new
5  responsive motion. Because the documents he mentioned might be necessary at
6  the summary judgment stage, or at trial, when evidence is required, the Court also
7  directed him to begin gathering them. But in the meantime, the Court ordered him
8  to file the best answer he could, based on his personal knowledge of the
9  accusations against him.

10  The Court also admonished Hickey to do what he could reasonably do under
11  the circumstances, and not to delay the case based on his vain search for
12  documents he does not yet need. The Court explained that while it intended to
13  decide the claims on the merits if reasonably possible, he would not be excused
14  indefinitely from offering a defense, and the Court would not refrain indefinitely
15  from granting default judgment. (*See* Docket no. 49 at 2:14–20.)

16  Instead of obeying the Court's order, Hickey sent two new letters to the
17  Court, requesting more time to obtain documents. Hickey again accuses Plaintiff
18  Dana Rasmussen's mother, Sandra Rasmussen, of lying, fraud, and other
19  wrongdoing. Sandra previously appeared in this case as guardian ad litem for
20  Dana. But when Dana reached majority, Sandra was relieved as guardian and is
21  no longer involved in this case. The documents, as Hickey describes them, would
22  provide evidence in his favor. But none of them contain significant information that
23  he does not already know, and most of them concern Sandra Rasmussen, who is
24  not a party. These documents are not necessary in order for him to prepare and
25  file an answer or a motion to dismiss.

26  The Court rejected the letters for filing, as improper *ex parte* communications
27  that Hickey has been ordered to stop submitting. Because the thrust of the letters
28  is that Hickey is not yet prepared to offer a defense and requests more time, they

cannot reasonably be construed as answers. They raise the same arguments Hickey made before, which the Court rejected. Had they been construed as motions for reconsideration of that order, they would be denied. The Court recognizes that it has discretion to reconsider its own orders at any time before final judgment is entered. Fed. R. Civ. P. 54(b); *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). But reconsideration on a party's motion is not ordinarily granted except in certain limited circumstances, none of which are present here. *See School Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (describing appropriate grounds for seeking reconsideration).

Because it is evident Hickey does not intend to file an answer or responsive motion as ordered, he remains in a state of default. To the extent any of the Court's earlier rulings might have had the effect of vacating the default, the Court **RECONSIDERS** those rulings and **ORDERS** that the Clerk's entry of default (Docket no. 26) remains in effect.

Because the Court previously denied Plaintiff's motion for default judgment, Plaintiff would ordinarily need to seek leave to file a renewed motion. *See* Civil Local Rule 7.1(i). However, in light of this ruling, Plaintiff need not seek leave to file a renewed noticed motion for default judgment. If she does so, the motion should show that the factors discussed in *Eitel v. McKool*, 782 F.2d 1470 (9th Cir. 1986) are met. To the extent the motion depends on collateral estoppel or *res judicata* based on Hickey's conviction, the motion should be supported by a request for judicial notice.

**IT IS SO ORDERED**.

Dated: January 27, 2021

_____
Honorable Larry Alan Burns
United States District Judge