UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA RASMUSSEN<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>DONALD HICKEY, et al.<br><br>　　　　　　　Defendants. | Case No.:  20cv411-LAB (JLB)<br><br>**ORDER DEEMING MOTION FOR DEFAULT JUDGMENT FULLY BRIEFED** |

　　　Default was entered against Defendant Donald Hickey, an inmate at Ironwood State Prison. Plaintiff filed a motion for default judgment. (Docket no. 54.) The Court on February 8 ordered Hickey to file a written response in opposition no later than March 8. If he filed one as ordered, Plaintiff was permitted to file a reply brief within seven calendar days of the date it was docketed.

　　　On March 8, Hickey filed a response. Plaintiff has filed no reply brief. Today, March 24, the Court accepted for filing a letter from Hickey dated March 17, saying he had just been released from quarantine, and giving his updated address. The Court accepted it for filing as a notice of change of address. This order confirms that the letter is construed as a notice of change of address only, even though it mentions other matters.

The letter refers to Hickey sending his response to a friend "to put in an acceptable format." It says the friend "responded on time, but some how the attachment did not download properly." It says he has written to the friend "to advise that the download was not successful." The letter also acknowledges receiving notifications from the Court.

The references to formatting and downloading make no sense. In other cases, where a party is represented by counsel, the attorney can file documents electronically. But Hickey is proceeding *pro se,* and has been filing documents in paper form throughout the case. In fact, the Court specifically directed him to mail any documents he wished to file in the docket to the Clerk of Court, and gave him the mailing address. (Docket no. 41 at 3:5–9.) He would have no reason to think his written response needed to be formatted or downloaded. What Hickey apparently means is that he sent his response to a friend for filing, but some unspecified attachment was not filed and Hickey has asked his friend to file the attachment.

If there was such an attachment, Hickey's unnamed friend has not found it or submitted it to the Court. Even assuming, *arguendo*, that the prisoner mailbox rule applies here, Hickey cannot benefit from it because he did not give his response to prison authorities for mailing to the Court. See *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (holding that mailbox rule did not apply, where prisoner did not deliver his petition to prison officials for forwarding to the court); *Hong Keung Tse v. Harrington*, 2010 WL 2942765, at *2 n.3 (C.D. Cal., May 11, 2010) (citations omitted) ("[W]here the document was not delivered to prison authorities for mailing, but was given to a private individual, a petitioner may not avail himself of the mailbox rule.")  Furthermore, where the filing is never received by the Court, the rule applies only if the prisoner diligently follows up after it is apparent the Court has not received it. See *Huizar v. Carey,* 273 F.3d 1220, 1223 (9th Cir. 2001). Assuming there is a lost attachment somewhere, Hickey has

known for some time that it was not filed. Furthermore, sending documents to a friend for filing — if that is what he did — was contrary to the Court's directive. (*See* Docket no. 41 at 3:5–9.)

Hickey's response makes no mention of an attachment, and does not refer to any facts or information he needs in order to oppose the motion for default judgment. Instead, the response appears to be complete in itself.

Throughout this litigation, Hickey has maintained that he has a good defense and has asked for opportunities to put it on. Each time the Court gave him an opportunity to prepare and put on a defense (*see* Docket nos. 41, 44), he failed to do so. Nevertheless, it is clear Hickey is capable of drafting and filing briefing, and has enough personal knowledge of the accusations against him that he could raise a defense if he had one. Instead, he has changed the focus of the litigation onto collateral matters such as the motives of Plaintiff's mother and family. He has also attempted to attack the validity of his own state court guilty plea and conviction. That conviction is final and he is now serving a sentence of 15 years to life plus 10 years. It is apparent that Hickey has put into his filing everything he has to say, and that he does not need any more time to oppose the motion for default judgment.

The Court therefore deems the motion for default judgment fully briefed, and will issue an order in due course.

**IT IS SO ORDERED**.

Dated: March 24, 2021

Honorable Larry Alan Burns
United States District Judge